UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

20-CR-105

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN LA FAVE,

    Defendant.

Case No. 20-CR-

[18 U.S.C. § 1343]

## INFORMATION

**THE UNITED STATES ATTORNEY CHARGES THAT:**

1. Beginning by approximately April of 2011, and continuing through at least December of 2017, in the State and Eastern District of Wisconsin and elsewhere,

**JOHN LA FAVE**,

with intent to defraud, knowingly devised and executed a scheme to defraud Milwaukee County and to obtain money by means of materially false and fraudulent pretenses and representations, and knowingly caused wire communications to be transmitted in interstate commerce for the purpose of executing the scheme.

### Background

2. At all times relevant to this information:

    a. John La Fave was the Milwaukee County Register of Deeds and in that position was responsible for, among other things, maintaining records, providing certified copies of birth, death, marriage, and military discharge records, and collecting real estate transfer taxes.

    b. "Business A" was an internet technology service provider that contracted with Milwaukee County to provide redacting and document indexing services.

    c. "Individual A" worked for Business A and was responsible for issuing invoices to clients for work that Business A had performed.

## The Scheme to Defraud

3. The essence of La Fave's scheme was to defraud Milwaukee County and to obtain money by directing Individual A to create fraudulent invoices that falsely made it appear that Business A had done specified work for the Milwaukee County Register of Deeds Office when, as La Fave knew, Business A had not actually performed that work.

4. As part of the scheme:

   a. La Fave regularly directed Individual A to create false invoices for work not performed by Business A, and specified the precise amount to be falsely invoiced; Individual A in turn would submit to La Fave, via email, false invoices in the amounts directed by La Fave.

   b. La Fave then would direct the invoices to Milwaukee County accounts payable, thereby causing the Milwaukee County Treasurer to issue checks to Business A for work Business A had not performed.

   c. At La Fave's direction, Business A would deposit and temporarily hold "on account" most of the money it received from Milwaukee County. The purpose of temporarily holding the money in this way was to create a pool of money that could later be used to pay third-party vendors who actually performed the work that La Fave and Business A had falsely represented was performed by Business A.

   d. La Fave directed the third-party vendors to submit their invoices to Business A, where Individual A would either (1) cause the invoices to be paid from the pool of fraudulently obtained money it was holding on account, or (2) repackage the invoices onto Business A invoices and submit them to Milwaukee County for payment as though Business A, and not third party vendors, had done the work detailed on the invoice.

   e. When Individual A repackaged the third-party invoices onto Business A invoices, he would typically (1) add a "project technician fee" in an amount equal to approximately five percent of the third-party bill, and (2) ultimately pay the third-party vendors at a rate of less than half of what the county was paying Business A for the work the vendors had done.

   f. Most of the third-party vendors paid under this scheme were not authorized to be paid through the Milwaukee County accounts payable process, and some were employees of the Milwaukee County Register of Deeds Office.

5. As an example of how La Fave's fraud scheme operated:

   a. On September 30, 2016, a third party sent an email to Individual A that included an invoice for $15,083.08 for indexing services that the third party had performed for the Register of Deeds Office. Individual A then sent an email to La Fave requesting approval for payment of the invoice from funds Business A was, at La Fave's direction, holding on account. In response, La Fave sent an email to Individual A that read, "APPROVED." Individual A then sent an email to La Fave with an attached invoice falsely indicating that the work Business A had done reflected the $15,083.08 amount for indexing services, plus a project technician fee of $750. Business A did nothing under the terms of its contract with Milwaukee County to justify payment of this fee which, ultimately, Business A paid itself from money it had received from Milwaukee County and that it had been holding on account at La Fave's direction.

6. As a result of his scheme, La Fave fraudulently obtained and attempted to obtain at least $89,000.

## Execution of the Scheme

7. On or about September 30, 2016, for the purpose of executing the above-described scheme to defraud, and attempting to do so, in the State and Eastern District of Wisconsin and elsewhere,

**JOHN LA FAVE,**

with intent to defraud, caused to be transmitted by means of wire communication in interstate commerce an email from La Fave to Individual A, in which La Fave approved payment of a Business A invoice that (1) included a $750 project technician fee, and (2) falsely reflected that Business A had performed the work detailed on the invoice when, in fact, a third-party had performed that work.

All in violation of Title 18, United States Code, Section 1343.

3

## Forfeiture Notice

1. Upon conviction of the wire fraud offense in violation of Title 18, United States Code, Section 1343, set forth in the information, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense of conviction. The property to be forfeited includes, but is not limited to, a sum of money equal to the proceeds derived from the offense or offenses.

2. If any of the property described above, as a result of any act or omission by the defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

*Kelly B Waylan* (for)
MATTHEW D. KRUEGER
United States Attorney

6/24/20
Date